In the Matter of Cyrus E. Kruse, an Incompetent Person.

Supreme Court, Special Term, Erie County, June 21, 1954.

966

*Nathaniel L. Goldstein, Attorney-General (Margaret D. Hazel* of counsel), for Commissioner of Mental Hygiene of the State of New York, petitioner.

*William J. Fredel,* in person, for William J. Fredel and another, as committee of the person and estate of Cyrus E. Kruse, an incompetent person, respondents.

WARD, J. This is an application upon the petition of the Commissioner of Mental Hygiene of the State of New York verified on the 16th day of March, 1954, for an order directing William J. Fredel and Ida Dryer, as committee of the person and estate of Cyrus E. Kruse, an incompetent person, to transfer and remove the said Cyrus E. Kruse from Gowanda State Hospital to a licensed private mental hospital, or, in the alternative, that the petitioner may take steps to transfer said Cyrus E. Kruse to an appropriate licensed private mental hospital in the State of New York.

Dr. Newton J. T. Bigelow, Commissioner of Mental Hygiene of the State of New York, hereinafter referred to as the Commissioner, by his petition shows that Cyrus E. Kruse was admitted to the Gowanda State Hospital, an institution in the Department of Mental Hygiene, on March 14, 1945, and thereafter regularly certified to that institution by order of the Honorable LESLIE F. ROBINSON, County Judge of Erie County, on April 26, 1945. He has been continuously confined there since the date of his admission. By an order of the Supreme Court dated May 26, 1951, William J. Fredel and Ida Dryer were appointed his committee, and are now acting as such. It appears that the estate of the incompetent consists of approximately $147,000 of real and personal property. Pursuant to a

rate fixed by the Commissioner, there is now being paid by the committee for the care, medical treatment and maintenance of the incompetent the sum of $300 per month.

The petitioner further shows that the various State institutions in the Department of Mental Hygiene, including Gowanda State Hospital, are intended for the care, medical treatment and maintenance of the poor and indigent mentally ill, but states that such hospitals may accept persons who are neither poor nor indigent " only when there is room for them "; further, that all the State institutions and particularly Gowanda State Hospital, are overcrowded and lack space and beds to properly care for those persons who are poor and indigent and in need of treatment. The Commissioner states by his petition that he has been informed by the Director of the Gowanda State Hospital that this mentally ill patient could be properly cared for in a licensed private mental hospital, and that requests have been made to his committee to arrange for the removal of the patient to a licensed private mental hospital without avail.

Thus, it appears that the petitioner comes to this court for an order of Special Term directing the committee of the incompetent to transfer and remove this mentally ill patient from Gowanda State Hospital to a licensed private mental institution upon the grounds: first, that the institutions under his supervision, and particularly Gowanda State Hospital, are overcrowded and cannot take care of the poor and indigent mentally ill of the State and, second, that the estate of the incompetent is such that it can provide for his care in a licensed private institution.

Two questions arise on this motion; first, is this motion properly before Special Term of the Supreme Court? and second, is such an order necessary to aid the petitioner in the discharge of his duties?

Section 24 of the Mental Hygiene Law as amended by sections 1 and 2 of chapter 598 of the Laws of 1952, effective April 9, 1952, defines the public policy of the State of New York — in effect, that the institutions in the Department of Mental Hygiene shall be maintained for the care and the treatment of poor and indigent persons as defined in section 2 of the Mental Hygiene Law. Further, however, that the Commissioner may permit persons who are neither poor nor indigent to be maintained and treated in such institutions, conditioned, however, upon prompt and regular payments for such care, maintenance and treatment in amounts as fixed by the Commissioner. Thus, it appears that

the institutions in the Department of Mental Hygiene and particularly those for the care of the mentally ill, are primarily for the care and treatment of the poor and indigent, but also, and by permission of the Commissioner, for the care and treatment of those neither poor nor indigent if prompt and regular payments are made on their behalf as fixed by the Commissioner. No other condition appears. I do not find in section 24 of the Mental Hygiene Law the condition " when there is room for them " as stated by the petitioner in paragraph 7 of his petition. However, section 60 of the Mental Hygiene Law contains such condition. It seems to me this limitation is a guide to the Commissioner when called upon to exercise the discretion given to him by section 24 of the Mental Hygiene Law. Once admitted upon the above condition, such patient can be removed as provided by subdivision 3 of section 24, or if not removed, the Commissioner may recover by action the amounts in default, or by subdivision 4 of section 24, the Commissioner may follow the property of a deceased patient to recover amounts due to the State of New York.

I find no provision of law which permits the Commissioner to eject a patient for whose benefit such a direction has been made while such direction is in effect and while the terms thereof are being fully complied with except as below.

The order prayed for here is sought pursuant to the provisions of section 10-a of the Mental Hygiene Law, the pertinent parts of which read: " A patient    *    *    *    admitted to an institution pursuant to a provision of this chapter, may be transferred from a state    *    *    *    institution    *    *    *    to a licensed private institution    *    *    *    when deemed in the interest of the patient AND (emphasis supplied) of the institution affected, upon the formal order in writing of the commissioner. No transfer shall be made to a licensed private institution without the consent of the person in charge thereof    *    *    * ". In order for the Commissioner to bring about a transfer pursuant to this section, it must appear to him first, that such transfer is in the interests of the patient AND second, of the institution affected. Although both of these conditions appear, such transfer cannot be made by the Commissioner to a licensed private institution without the consent of the person in charge of such licensed private institution.

The committee opposes this transfer upon the ground that it is not in the best interests of the patient. They point out that since 1945, the patient has become acclimated to his surround-

ings and appears to be as happy and contented as is possible under the circumstances, and to transfer him to an unknown and undesignated private mental hospital would not be conducive to his wellbeing. The petitioner makes no showing here that it is in the interests of the patient to transfer him to a licensed private mental hospital unless by implication the petitioner asks this court to find that licensed private mental hospitals in the State of New York provide better care and treatment for the mentally ill than the institutions in the Department of Mental Hygiene under the supervision and control of the petitioner. I do not believe the petitioner asks me to so find, but I cannot make any such finding because of the court's knowledge of the splendid care and treatment provided in the public institutions of this State. This is particularly so in view of the fact that it does not appear in this proceeding to what licensed private mental hospital the petitioner seeks to have this patient transferred. Undoubtedly, there are private institutions in the State which provide proper and adequate treatment for the mentally ill; likewise, undoubtedly there are others wherein the standard of care and treatment is not to the best interest of a patient. As above, section 10-a of the Mental Hygiene Law requires the consent of the person in charge of the licensed private mental hospital be obtained before the petitioner can act pursuant to that section. It does not appear here that any such consent has been obtained. For the above reasons, this petition must be dismissed as well as for the reasons below.

The Commissioner of Mental Hygiene needs no aid from the Supreme Court to carry out his prescribed duties relative to a transfer of a patient pursuant to section 10-a of the Mental Hygiene Law, nor does he need the permission of this court to take the necessary steps to transfer this patient to an appropriate licensed mental hospital in the State of New York. Section 10-a of the Mental Hygiene Law clearly places the responsibility for such determination upon the Commissioner alone. If the conditions of section 10-a are complied with, the petitioner may make such transfer on his formal written order. He is not required to apply to the Supreme Court for aid or direction. Upon the circumstances here, this application is not properly before this court. The petition is dismissed, without costs.

Prepare and submit order.