Charles Margett, J.
The father of a 12-year-old child, a patient in Creedmoor State Hospital, Queens Village, New Yorlc, since July, 1957, has brought this action against the director of that hospital to restrain him from discharging the child from said institution, and has now moved for a temporary injunction for the same relief. The defendant has made a cross motion to dismiss the complaint for legal insufficiency and upon the ground that this court has no jurisdiction over him individually and as director of Creedmoor State Hospital.
At the earnest request of the plaintiff he was permitted to submit an affidavit by a physician, a qualified psychiatrist of the New York State Department of Mental Hygiene. His affidavit, sworn to on January 4, 1960, shows that he examined the child on December 29, 1959 at his office and diagnosed her ailment as childhood schizophrenia, autistic type, rather than being a mental defective child as diagnosed by the authorities at Willowbrook State School and Creedmoor State Hospital.
Because of the charge implicit in this action and motion by the plaintiff that the authorities at Creedmoor State Hospital were arbitrary in making their final determination that the child was a mental defective and must be transferred to a State school, rather than be retained in residence at Creedmoor, she was again examined by two recognized authorities in the field of child care for mental defectives, and these physicians have made a final diagnosis that this infant was a mental defective and required institutional care and maintenance at the Willow-brook State School. Under these circumstances the plaintiff’s motion must be and is denied, assuming that this court has jurisdiction to grant the relief herein sought.
Section 10-a of the Mental Hygiene Law, however, clearly places the responsibility for placing a patient upon the Commissioner of Mental Hygiene “ when deemed in the interest of the patient and of the institution affected.” As was held by Mr. Justice Ward of the Supreme Court, Erie County, in Matter of Kruse (205 Misc. 964, 969): “ The Commissioner of Mental Hygiene needs no aid from the Supreme Court to carry out his prescribed duties relative to a transfer of a patient pursuant to section 10-a of the Mental Hygiene Law, nor does he *408 need the permission of this court to take the necessary steps to transfer this patient to an appropriate licensed mental hospital in the State of New York. Section 10-a of the Mental Hygiene Law clearly places the responsibility for such determination upon the Commissioner alone. If the conditions of section 10-a are complied with, the petitioner may make such transfer on his formal written order. He is not required to apply to the Supreme Court for aid or direction.”
Much as this court sympathizes with the understandable desire of the child’s parents that she remain a patient in the hospital of which the defendant is the director, and which is close to their residence, the defendant cannot be compelled to retain the child in C'reedmoor State Hospital upon the findings and new diagnosis made by the medical authorities of the said institution that the patient was no longer considered a mental patient, but a mental defective without psychosis, thereby making it mandatory for the authorities to take steps to discharge this patient and to deliver her to her parents for further care or, in the alternative, to arrange for the child’s certification to a State school as a mental defective without psychosis.
Accordingly, the cross motion to dismiss the complaint is granted.
In the light of the foregoing disposition the plaintiff’s motion returnable on February 15,1960 for leave to inspect all hospital records pertaining to the infant is denied. Submit order.