■ In the Matter of JEROME G., Respondent. NEW YORK STATE DEPARTMENT OF MENTAL HEALTH et al., Appellants. [607 NYS2d 709] —In a proceeding for a retention order pursuant to Mental Hygiene Law article 9, the New York State Department of Mental Health and the Rockland County Psychiatric Center appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Palella, J.), entered August 28, 1991, as, upon reargument, adhered to its original determination, made in an order of the same court, dated July 12, 1990, that the patient Jerome G., upon his retention, would, in his best interests, be treated at the Rockland County Psychiatric Center, rather than at Harlem Valley Psychiatric Center.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and upon reargument the direction that the patient Jerome G. be treated at Rockland County Psychiatric Center is deleted.

In light of the fact that this case involves a "significant and novel issue * * * of State-wide importance which [is] likely to recur but which typically escape[s] review because of the time it takes to appeal such decisions", we find that it is appropriate for this Court to exercise its discretion to hear this matter despite the patient's discharge from Rockland County Psychiatric Center *(see, Matter of Fosmire v Nicoleau,* 75 NY2d 218, 221, n 1; *see also, Matter of Westchester Rockland Newspapers v Leggett,* 48 NY2d 430; *Matter of Gannett Co. v De Pasquale,* 43 NY2d 370, *affd* 443 US 368; *Savastano v Nurnberg,* 152 AD2d 290, *affd* 77 NY2d 300; *Ughetto v Acrish,* 130 AD2d 12).

We find that the Supreme Court lacked the jurisdiction to direct that the patient be transferred to Rockland County

Psychiatric Center rather than Harlem Valley Psychiatric Center.

Pursuant to his statutory authority, the Commissioner of the New York State Office of Mental Health has promulgated elaborate procedures concerning the transfer of involuntarily-committed mentally ill patients. While a patient may initially be involuntarily admitted to a mental health facility upon the certification of two examining physicians (see, Mental Hygiene Law § 9.27 [a]), the patient must, within 60 days of his or her admittance, be provided with a judicial hearing as to whether continued retention is needed (see, Mental Hygiene Law § 9.31 [a], [c]; § 9.33 [a]). At such a hearing, the court may determine whether the patient should be transferred to a State psychiatric or private facility, or released to the care and custody of his or her relatives or "a committee of his person" (Mental Hygiene Law § 9.31 [c]). Once the decision to retain the patient has been made by the court, the decision as to which facility is appropriate is left to the discretion of the Commissioner of the New York State Office of Mental Health, who "may order or approve the transfer of a patient from one facility to another appropriate facility" (Mental Hygiene Law § 29.11 [a]; see also, Tittler v La Burt, 22 Misc 2d 406, affd 13 AD2d 700; Matter of Kruse, 205 Misc 964).

Such a transfer may occur only after the patient is given the opportunity to appeal the proposed transfer to the sending hospital's director or its clinical director (see, 14 NYCRR 517.4 [c] [3]). A patient who is not satisfied with a transfer determination may thereafter challenge it by commencing a proceeding pursuant to CPLR article 78 and may seek injunctive relief staying the transfer pending judicial review (see, CPLR 7805).

In sum, under Mental Hygiene Law article 9, the role of the judiciary is restricted, for the most part, to a review of the discretion exercised by the New York State Office of Mental Health (see, People ex rel. Powell v Warden, 73 AD2d 654, 655). Accordingly, we find that the Supreme Court exceeded its jurisdiction when it directed that the patient be transferred to a specific facility. Thompson, J. P., O'Brien, Joy and Altman, JJ., concur.