■ In the Matter of EILEEN CONSILVIO, Appellant, v MICHAEL B., Respondent. [764 NYS2d 12] —Order, Supreme Court, New York County (Lucindo Suarez, J.), entered on or about November 25, 2002, which, insofar as appealed from, in a proceeding seeking an order authorizing the retention of respondent as an involuntary patient in a psychiatric hospital pursuant to Mental Hygiene Law § 9.33, directed petitioner hospital director to transfer respondent from the secure facility where he was being held to a nonsecure facility, unanimously reversed, on the law, without costs, and such direction vacated.

In the context of this proceeding seeking an order pursuant to Mental Hygiene Law § 9.33 authorizing petitioner hospital director to retain respondent as an involuntary psychiatric patient in petitioner's facility, the IAS court did not have power to direct that respondent be transferred from a secure psychiatric facility to a nonsecure facility. The only issue in a retention proceeding under article 9 of the Mental Hygiene Law is whether the patient is in need of involuntary care and treatment in a psychiatric hospital for a further period (*see* Mental Hygiene Law §§ 9.01, 9.31 [c]; § 9.33 [c]). Judicial review of an administrative determination to confine the patient at a secure facility is available either by way of a CPLR article 78 challenge to the Office of Mental Health's determination to transfer the patient to a secure facility pursuant to 14 NYCRR part 57 (*see Mental Hygiene Legal Servs. [Aliza K.] v Ford*, 92 NY2d 500, 506 [1998], citing 14 NYCRR 57.6), or by way of a CPLR

article 78 challenge to the Office of Mental Health's denial of the patient's application for an order of transfer from one facility to another pursuant to 14 NYCRR part 517 (*see Matter of Jerome G. [New York State Dept. of Mental Health]*, 201 AD2d 562, 563 [1994]).* Nothing in article 9 of the Mental Hygiene Law authorizes a court presiding over a retention proceeding to engage in de novo review of an administrative determination to confine the patient at a secure facility, as the IAS court did in this case.

Respondent argues that authorization for de novo judicial review of the propriety of a patient's confinement at a secure facility should be read into article 9 of the Mental Hygiene Law in order to comply with constitutional standards of due process. This argument is foreclosed by the Court of Appeals' *Aliza K.* decision, which held that the procedures mandated by 14 NYCRR part 57 for a transfer of a patient from a nonsecure facility to a secure facility "satisfy the requirements of procedural due process in all respects" (92 NY2d at 510), notwithstanding that such procedures do not include a de novo judicial hearing. Observing that the question of the patient's need for confinement in a secure facility is "primarily one of professional medical judgment as to the most appropriate therapeutic setting" (*id.* at 508), the Court of Appeals concluded that "shifting [the determination of this issue] from mental health professionals to Judges * * * would not significantly add assurance against the risk of an erroneous decision" (*id.* at 509, citing *Savastano v Nurnberg*, 77 NY2d 300, 309 [1990]).

We are not persuaded by respondent's effort to distinguish *Aliza K.* on the ground that he, unlike the patient in *Aliza K.*, has not yet had the benefit of formal administrative review of the determination to confine him at a secure facility. As previously noted, respondent may obtain such administrative review by applying for a transfer to a nonsecure facility under 14 NYCRR part 517, and the result of such administrative proceedings will be subject to judicial review under CPLR article 78. Also unavailing is respondent's reliance on *Matter of Kesselbrenner v Anonymous* (33 NY2d 161 [1973]), which concerned the propriety of transferring a psychiatric patient to a correctional facility for mentally ill convicted criminals, an issue not present in this case. Finally, respondent argues that

---

* Contrary to respondent's contention, 14 NYCRR part 517 does apply in pertinent part to a transfer of a patient *from* a secure facility to a nonsecure facility, which is what respondent wishes to accomplish in this case. Part 517 is inapplicable only to transfers *to* one of the State's secure facilities (*see* 14 NYCRR 517.1 [a]).

the unavailability of a de novo judicial hearing concerning his need for confinement in a secure facility deprives him of his right to equal protection of the law in view of the different procedural rights afforded by CPL 330.20 to persons acquitted of a crime by reason of mental disease or defect. The Court of Appeals has already expressly rejected this argument (see *Aliza K.*, 92 NY2d at 510).

In view of the foregoing, we need not reach petitioner's remaining arguments. Concur—Buckley, P.J., Mazzarelli, Rosenberger, Friedman and Marlow, JJ.